AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

FILED

JUL - 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# United States District Court

| | District |
|---|---|
| | SOUTHERN |

| Name | Prisoner No. | Case No. |
|---|---|---|
| VICTOR VILLALOBOS | F-26578 | D0487 |

| 2254 | 1983 |
|---|---|
| **FILING FEE PAID** | |
| Yes ___ | No ✓ |
| **IFP MOTION FILED** | |
| Yes ___ | No ✓ |
| **COPIES SENT TO** | |
| Court ✓ | Pro Se ___ |

**Place of Confinement**

CALIFORNIA STATE PRISON SOLANO, VACAVILLE, CALIFORNIA

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| VICTOR VILLALOBOS | v. D.K. SISTO, Warden, CSP-Solano |

'08 CV 1230 IEG JMA

The Attorney General of the State of:

EDMUND G. BROWN, JR

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2. Date of judgment of conviction  MARCH 30, 2006

3. Length of sentence  8 years

4. Nature of offense involved (all counts)  Health & Safety Code. § 11360, subd.(a); & Health & Safety Code § 11359.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court **Fourth Appellant District Division One**

(b) Result **Denied/Judgment Affirmed**

(c) Date of result and citation, if known **March 7, 2007    Case No.D048553**

(d) Grounds raised **same as instant writ**

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court **California Supreme Court**

(2) Result **Denied , March 12, 2008,**

(3) Date of result and citation, if known **March 12, 2008, CaseNo.S156276**

(4) Grounds raised **same as instant writ of habeas corpus**

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court **N/A**

(2) Result **N/A**

(3) Date of result and citation, if known **N/A**

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:
(a) (1) Name of court **N/A**

(2) Nature of proceeding **N/A**

**N/A**

(3) Grounds raised **N/A**

**N/A**

(3)

AO 241 (Rev. 5/85)

N/A

N/A

N/A

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☒

    (5) Result         N/A

    (6) Date of result         N/A

  (b)  As to any second petition, application or motion give the same information:

    (1) Name of court

    (2) Nature of proceeding         N/A

                N/A

    (3) Grounds raised         N/A

                N/A

                N/A

                N/A

                N/A

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result         N/A

    (6) Date of result         N/A

  (c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.     Yes ☒ No ☐
    (2) Second petition,     Yes ☐ No ☐

  (d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

        N/A

        N/A

        N/A

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    <u>CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:    SEE ATTACHED WRIT OF HABEAS CORPUS AND SUPPORTING

MEMORANDUM OF POINTS AND AUTHORITIES, AND EXHIBITS.

Supporting FACTS (state *briefly* without citing cases or law)

SEE ATTACHED WRIT OF HABEAS CORPUS

_____

_____

_____

_____

_____

B. Ground two:    SEE ATTACHED WRIT OF HABEAS CORPUS

_____

Supporting FACTS (state *briefly* without citing cases or law):

SEE ATTACHED WRIT OF HABEAS CORPUS

_____

_____

_____

_____

_____

(5)

AO 241 (Rev. 5/85)

C. Ground three: _____ **SEE ATTACHED WRIT OF HABEAS CORPUS** _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____ **SEE ATTACHED WRIT** _____

_____

_____

_____

_____

_____

D. Ground four: _____ **SEE ATTACHED WRIT OF HABEAS CORPUS** _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

  **SEE ATTACHED WRIT** _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

  **ALL GROUNDS PRESENTED IN ATTACHED WRIT WERE RAISED IN STATE**

**COURTS.** _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing   **RAY ARAGON, ESQ, 765 THIRD AVENUE, SUITE 100**

**CHULA VISTA, CA. 91910** _____

   (b) At arraignment and plea   **RAY ARAGON**

_____

AO 241 (Rev. 5/85)

(c) At trial    **RAY ARAGON**

(d) At sentencing    **RAY ARAGON**

(e) On appeal    **THOMAS OWEN, 1213FIRST STREET, #151, CORONADO, CA 92118**

(f) In any post-conviction proceeding    **N/A**

(g) On appeal from any adverse ruling in a post-conviction proceeding    **N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:    **N/A**

    (b) Give date and length of the above sentence:    **N/A**    **N/A**

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☐    **N/A**

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

**PETITIONER IN PRO PER**
_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

_7 / 08 / 2008_
(date)

_____
Signature of Petitioner

(7)

S156276

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re VICTOR VILLALOBOS on Habeas Corpus

---

The petition for writ of habeas corpus is denied.  (See *In re Waltreus* (1965) 62 Cal.2d 218.)

SUPREME COURT
**FILED**

MAR 1 2 2008

Frederick K. Ohlrich Clerk

Moreno, J., was absent and did not participate.

Deputy

GEORGE
Chief Justice

```
1   VICTOR VILLALOBOS, F26578
    CSP-SOLANO. 22-K____
2   P.O.BOX 4000
    VACAVILLE, CA 95696-4000
3
```

**FILED**

JUL - 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

```
4

5   Petitioner In Propria Persona

6

7

8            IN THE UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  VICTOR VILLALOBOS,          )   '08 CV 1230 IEG JMA
                                )
11          Petitioner,         )   Case No. _____
                                )
12      vs.                     )
                                )   PETITION FOR WRIT OF HABEAS
13  D.K. SISTO, Warden,         )   CORPUS AND MEMORANDUM OF
                                )   POINTS AND AUTHORITIES IN
14          Respondent.         )   SUPPORT THEREOF.
                                )
15  _____)

16

17                        -I.

18               STATEMENT OF THE CASE

19      1.   On December 15, 2005, by information filed by the

20  San Diego County District Attorney, petitioner was charged

21  in a felony complaint with two counts: Count 1, transportation

22  of more than 28.5 grams of marijuana in violation of Health

23  and Safety Code Section 11360, subdivision (a), a felony:

24  and Count w. Possession of mariguana for sale in violation

25  of Health and Safety Code section 11359, a felony (C.T. at

26  p.2.)

27      2.   The Complaint further alleged as a special
```



1  allegation pursuant to Penal Code sections 667, subdivision

2  (b) through (i), 668 and 1170.12, that petitioner, in March

3  1981, was convicted of robbery in violation of Penal Code

4  section 211. (C.T. p.3.) The complaint alleged that petitioner

5  had two other prison priors in 1995 and 1998, respectively,

6  for possessing a controlled substance in violation of Health

7  and Safety Code section 11350, subdivision (A), and grand

8  theft in violation of Penal Code section 487, subdivision

9  (A). (C.T. p.3.)

10      3.    On March 29 and 30, 2006, following a jury trial,

11  a jury found petitioner guilty of both counts and that he

12  had committed the alleged prior convictions. (1 R.T. at pp.

13  182, 214.)

14      4.    With respect to the prior strike for robbery,

15  petitioner's trial counsel in its sentencing statement motion

16  for the court to strike it pursuant to **People v. Superior**

17  **Court (Robero),** (1996) 13 Cal.4th 497 because the current

18  conviction was non-violent, and the robbery strike was from

19  an incident that occurred approximately 25 years ago. (C.T.

20  pp. 178-180; 2 R.T. pp. 301-303.) The court denied the motion.

21  (2 R.T. p. 306.)

22      5.    The court sentenced petition to the middle term

23  of three years in connection with the Count 1 violation of

24  Health and Safety Code section 11360, subdivision (a), then

25  doubled the three years to six years because of the prior

26  strike related to the 1981 conviction for robbery, and added

27  consecutively additional one-year enhancements for violations

1  of Penal Code section 667.6, subdivision (b), for a total

2  sentence of eight years in state prison. The court stayed

3  on Count 2 conviction pursuant to Penal Code section 654,

4  ordered certain restitution fines and credited petitioner

5  for time served. (C.T. p. 181; 2RT pp. 306-308.)

6                              II.

7                            PARTIES

8       6.   Petitioner Victor Villalobos, is a prisoner of

9  the State of California and is currently incarcerated at

10 California State Prison - Solano in Vacaville, California.

11      7.   Respondent, D.K. Sisto, is the warden of California

12 State Prison - Solano and is the legal custodian of

13 petitioner.

14                             III.

15                      STATEMENT OF FACTS

16      8.   At the Otay Mesa border on November 14, 2005,

17 petitioner's SUV (Sports utility Vehicle, hereinafter "SUV").

18 Petitioner was trying to turn his car around at the time

19 to return to his home in Tijuana, because he had forgotten

20 his birth certificate and passport. (1 R.T. p. 115.)

21 Petitioner was a citizen of the united states and had crossed

22 the border several times before, and he knew that the agents

23 always asked for paperwork. (1 RT. p. 116.)

24      9. Petitioner was subsequently handcuffed by U.S Agents

25 on the Mexico side of the demarcation line, and was escorted

26 into the United States. -- One of the arresting U.S. Agents

27 drove petitioner's SUV across the border into the United

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

1  States, to a secondary area for further inspection. (1RT.

2  p. 117118.)

3      10.  As set forth above, a jury found petitioner guilty

4  of transportation of more than 28.5 grams of marijuana and

5  possession of marijuana for sale, and at sentencing, the

6  trial court doubled the middle term with respect to the

7  transportation count in light of petitioner's previous strike

8  for robbery. The robbery conviction, however, occurred

9  approximately 25 years earlier. For the reasons set forth

10  above, justice requires that the sentence imposed by the

11  trial court be vacated and th ease remanded for resentencing.

12                          **IV.**

13                      **CONTENTIONS**

14  1.       DID THE TRIAL COURT ERROR BY FAILING TO EXERCISE
             IT DISCRETION TO STRIKE PURSUANT TO PENAL CODE
15           SECTION 1385.

16                           **V.**

17                   **REQUEST FOR RELIEF**

18      Petitioner is without remedy save for habeas corpus.

19  Accordingly, petitioner request that the court:

20      1.   Issue a writ of habeas corpus;

21      2.   Issue an order to show cause;

22      3.   Order that petitioner's due process rights were

23  violated by the trial courts failure to exercise its

24  discretion to strike pursuant to Penal Code section 1385;

25      4.   Order that petitioner be remanded back to the lower

26  court for resentencing.

27      5.   Order that petitioner's upper term sentence should

1    6.   Appoint counsel or award reasonable attorney's

2  fees;

3  and

4    7.   Grant any and all other relief found necessary

5  or appropriate.

6  Dated: _7/02/2008_ .

7                              Respectfully submitted,

8

9                              Victor A. Villalobos

10                             Victor Villalobos
                               Petitioner In pro per

11

12

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27



5

1              **VERIFICATION**

2        I, Victor Villalobos, state:

3        I am the petitioner in this cause of action. I have

4    read the foregoing petition for writ of habeas corpus and

5    the facts stated therein are true of my own knowledge, except

6    as to matters that are therein stated on my own information

7    and belief, and as to those matters i believe then to be

8    true.

9        I declare under penalty of perjury that the foregoing

10   is true and correct and that this declaration was executed

11   at California State Prison - Solano, Vacaville, California

12   on _____7/02_____2008.

13

14

15                          _Victor A. Villalobos_____

16                          Victor Villalobos
                            Petitioner In pro per

17

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95  28391

     //

                                    6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

**DID THE TRIAL COURT ERROR BY FAILING TO EXERCISE ITS DISCRETION TO STRIKE PURSUANT TO PENAL CODE SECTION 1385.**

Penal Code section 1385, subdivision (a) authorizes a sentencing court, in its discretion, to dismiss an allegation or vacate a finding that a previous serious or violent felony conviction constitutes a strike under the Three Strikes laws. (**People v. Williams**, (1998) 17 Cal.4th 148, 151-152, 158-159, citing **People v. Superior Court (Romero)**, (1996) 13 Cal.4th 497, 504.) A sentencing court's decision to not strike prior strike convictions is reviewed under an abuse of discretion standard. (**Williams**, **supra**, 17 Cal.4th at pp. 152, 167; **People v. Gillispie**, (1997) 60 Cal.4th 429, 435.)

Abuse of discretion is difficult to define but the trial court is entitled to some deference. (**In re Robert L.**, (1993) 21 Cal.4th 1057, 1066.) The level of discretion to be observed by the trial court has often been stated as follows:

> This discretion [of the court] . . . is neither arbitrary nor capricious, but is an impartial discretion, guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not impede or defeat the ends of substantial justice. [Citations.] **People v. Warner**, (1978) 20 Cal.3d 678, 683.) [A]ll exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue. (**People v. Russell**, (1968) 69 Cal.2d 187, 195; **People v. Superior Court (Alvarez)**, (1997) 14 Cal.4th 968, 977.)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95 28391

1    "The standard, [a]lthough variously phrased in various

2    decisions [citations] . . . asks in substance whether the

3    ruling in question falls outside the bounds of reasons under

4    the applicable law and the relevant facts [citations]. [It]

5    is compatible only with decisions controlled by sound

6    principles of law. . . free from partiality, not swayed by

7    sympathy or warped by prejudice [citations]." (**People v.**

8    **Cluff,** (2001) 87 Cal.App.4th 991, 998.)

9        Where a trial court is asked to dismiss prior strike

10   convictions pursuant to Penal Code section 1385, it is to

11   consider, in the exercise of its discretion, whether:

12       [I]n light of the nature and circumstances of [the
         defendant's] present felonies and prior serious and
13       /or violent felony convictions, and the particulars
         of his background, character, and prospects, the
14       defendant may be deemed outside the scheme's spirit,
         in whole or in part, and hence should be treated as
15       though he had not previously been convicted of one or
         more serious and/or violent felonies. (**People v.**
16       **Williams,** supra, 17 Cal.App.4th at p. 161.)

17       The court's evaluation as to whether a defendant falls

18   outside the Three Strikes' spirit may be based on a count-

19   by-count consideration of the case, and the court may exercise

20   its discretion of strike prior convictions as to one court

21   but not necessarily the other. (**People v. Garcia,** (1999)

22   20 Cal.4th 490, 499-500, citing **People v. Burke,** (1956) 47

23   Cal.2d 45, 50-51.) "[T]he striking or dismissal of a charge

24   of a charge of prior conviction . . . is not the equivalent

25   of a determination that the defendant did not in fact suffer

26   the conviction [citations]; such judicial action is taken

27   ... for the purpose of sentencing only." (**Burke,** supra, 47

1   Cal.2d at p. 51.) The conviction remains a part of the

2   defendant's personal history, and a court may consider it

3   when sentencing the defendant for other convictions, including

4   others in the same proceeding. (Garcia, supra, 20 Cal.4th

5   at p. 499.) In determining whether to strike prior

6   convictions, the court may consider the relatively minor

7   nature of the present offense in addition to the ultimate

8   sentence to be imposed. A court will be justified in striking

9   prior convictions as to a relatively minor offense when it

10  takes into consideration the sentencing imposed for a second

11  offense for which the court chooses not to exercise its

12  discretion. (Garcia, supra, 20 Cal.4th at pp. 499-501.)

13       Here, the trial court had before it a defendant with

14  only one strike conviction that dated back 25 years. (C.T.

15  pp. 178-180; 2RT pp. 301-303.) The current offenses were

16  not crimes of violence nor were they true victim crimes.

17  Rather, petitioner was paid by presumably a larger drug

18  organization to bring marijuana into the United Stated in

19  return for $1.000. (1RT pp. 88-89.) While the crime is

20  certainly reprehensible, transporting marijuana is obviously

21  not the same as victim crimes like rape, robbery and murder.

22       Although the trial court, in view of petitioner's

23  recidivist status, could impose a lengthy sentence, recidivism

24  was not the sole factor to be considered. (People v. Superior

25  Court (Alvarez), (1997) 14 Cal.4th 968, 973, 979.) Rather,

26  the primary goal of the trial court should have been to avoid

27  unjust sentences. (Burke, supra, 47 Cal.2d at p. 50.)

1    Imposition of the strike enhancement, by contrast, was

2    overkill. Accordingly, the denia of the motion to strike

3    the prior pursuant to Penal Code section 1385 was an abuse

4    of discretion.

5        Case law illustrates the point. The Supreme court in

6    Romero emphasized that dismissal of strikes under Penal Code

7    section 1385 will be improper unless the judge weighs "the

8    defendant's background, the nature of his present offense,

9    and other individualized consideration." (Romero, supra,

10   13 Cal.4th at p. 531.) Here, Petitioner's background showed

11   very little violent conduct. In 1981, he suffered a conviction

12   for robbery. The rest of petitioner's record since the robery

13   conviction consisted of numerous convictions related to drugs

14   or stealing in attempt to attain drugs. (CT. pp. 169-171.)

15   In essence, petitioner is a man who had a drug and alcohol

16   problem, who resorted to stealing and smuggling to fund his

17   habit. No violence whatsoever was involved in the present

18   case.

19       The present case may be contrasted to Williams, supra,

20   17 Cal.4th at p. 163, where the court concluded that

21   dismissing a strike prior and sentencing Williams to nine

22   years in prison rather than 25 years to life was an abuse

23   of discretion. The court found that there was nothing

24   favorable or mitigating about Williams's current offense

25   of felony drunk driving with multiple priors, and nothing

26   favorable about his priors or attempted robbery and a rape.

27   (Ibid.)

1    The court in Williams then reviewed Williams's

2    background, character and prospects, and found nothing

3    favorable. Williams had committed four burglaries as a

4    juvenile, and four felonies and eight misdemeanors as an

5    adult, as well as countless probation and parole violations.

6    (Williams, supra, 17 Cal.4th at p. 163.) The court was

7    particularly distrubed by the fact that Williams's last

8    misdemeanor conviction occurred three months before the

9    current offense, and that it involved violence: Williams

10   was convicted on spousal battery after he beat up a woman

11   with whom he lived. (id. at p. 164.)

12   By contrast, as set forth above, in the present case,

13   petitioner had just one serious and violent felony conviction

14   and other convictions for relatively minor, non-violent

15   offenses. The prior strike for the serious and violent felony

16   conviction came from a single source - the one conviction

17   from 1981. petitioner's history was not so bad as to make

18   the imposition of an eight-year term in state prison an

19   appropriate disposition. Justice requires vacating the

20   sentence and remanding for resentencing.

21                        CONCLUSION

22   For the reasons set forth above, and pursuant to the

23   authorities cited in support thereof, the sentence imposed

24   by the trail court must be vacated and the case remanded

25   for resentencing.

26   Dated: _7/03/2008_ .

          Respectfully submitted,

27

          Victor Villalobos
          Petitioner in pro per

# EXHIBIT COVER PAGE:

Exhibit:  **"A"** _____

Description of this exhibit:  copy of Appellant Courts Opinion filed March 2, 2007

Number of pages of this exhibit:  **6**  pages

JURISDICTION:  (Check only one)

_____Municipal Court

_____Superior Court

_____Appellate Court

_____State Supreme Court

__xx__ United States District Court

_____United States Circuit Court

_____United States Supreme Court

_____California Department of Corrections, 602 Exhibit.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk

MAR 2 2007

Court of Appeal Fourth District

|  |  |
|---|---|
| THE PEOPLE, | D048553 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS198028) |
| VICTOR VILLALOBOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Raymond Edwards, Jr., Judge. Affirmed.

A jury convicted Victor Villalobos of transportation of more than 28.5 grams of marijuana (Health & Saf. Code, § 11360, subd. (a)) and possession of marijuana for sale (Health & Saf. Code, § 11359), and found true the allegations that Villalobos had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, 668),[1] and served two prior prison terms (§§ 667.5, subd. (b), 668). The court denied Villalobos's motion to dismiss his prior strike conviction allegation, and sentenced him to a prison

---

1    All statutory references are to the Penal Code unless otherwise specified.

term of eight years. Villalobos contends the failure to dismiss his prior strike conviction allegation was an abuse of discretion.

## FACTS

### A. The Present Offense

Villalobos was apprehended by United States Customs officers when he entered the United States from Mexico transporting more than 100 pounds of marijuana in the car he was driving.[2] After he was arrested, he admitted to officers he was paid $1000 to bring the marijuana from Mexico to Chula Vista, California.

### B. Villalobos's Criminal History

The probation report summarized Villalobos's criminal history and performance on parole. His "prior strike" conviction was a 1981 conviction for robbery. In the 25 years following that conviction, Villalobos's criminal history was extensive. He was convicted of possession of a controlled substance in 1983, of theft with a prior in 1984, and violated his parole for that offense in 1987, 1988, 1989, and 1990. He was convicted of possession of a controlled substance in 1990, and suffered four more drug convictions in 1991, and another drug conviction in 1992. He was convicted of possession of a controlled substance, along with possession of burglary instruments, in 1993. He was convicted of possession of a controlled substance in 1994, and in 1995. After 32 months in prison, Villalobos was released and (less than a year later) was convicted of grand theft and sentenced to 44 months. When he was released on parole for that offense, he

---

[2]     The precise amount is unclear. The officer who seized the materials testified the approximate weight to be 117 pounds, although a forensic chemist testified he estimated the total weight to be approximately 93 pounds.

violated parole and suffered another conviction for possession of a controlled substance in 2001. He was discharged from parole in April 2005 and, fewer than eight months later, was arrested for the present offenses.

C. The Request to Dismiss

Villalobos requested dismissal of his prior strike conviction allegation in the interests of justice under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). He asserted the prior strike conviction was ancient, the present offense was neither sophisticated nor violent, his criminal history was attributable to his drug dependency, and an eight-year term for the present offense would be grossly disproportionate to the offense. The trial court weighed the nature of the offense (concluding the amount of drugs being transported made the offense a significant crime) and the nature of the offender (concluding Villalobos's criminal history and two prison terms in the years following his conviction for robbery showed he had not led a legally blameless life) and denied the request.

ANALYSIS

A trial judge may dismiss prior serious or violent felony conviction allegations in the furtherance of justice under section 1385. (*Romero, supra*, 13 Cal.4th 497.) In doing so, trial courts are bound to follow the general principles regarding the exercise of discretion developed in the law under section 1385. When evaluating the question of whether to dismiss prior conviction allegations, a court must consider both the interests of the defendant as well as the public as represented by the prosecutor. (*People v. Orin* (1975) 13 Cal.3d 937, 945.) Judges making those decisions should be influenced by

3

those factors that would convince a reasonable trial judge to reach the same conclusion.

(*Ibid.; People v. Williams* (1998) 17 Cal.4th 148, 159.)

In *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*), the court held a trial

court's decision not to dismiss a prior conviction allegation under section 1385 is

reviewed under "the deferential abuse of discretion standard." (*Carmony,* at p. 371.)

*Carmony* explained that when reviewing a decision under that standard an appellate court

is guided

> "by two fundamental precepts. First, '."[t]he burden is on the party
> attacking the sentence to clearly show that the sentencing decision
> was irrational or arbitrary. [Citation.] In the absence of such a
> showing, the trial court is presumed to have acted to achieve
> legitimate sentencing objectives, and its discretionary determination
> to impose a particular sentence will not be set aside on review." '
> [Citations.] Second, a ' "decision will not be reversed merely
> because reasonable people might disagree. 'An appellate tribunal is
> neither authorized nor warranted in substituting its judgment for the
> judgment of the trial judge.' " ' [Citations.] Taken together, these
> precepts establish that a trial court does not abuse its discretion
> unless its decision is so irrational or arbitrary that no reasonable
> person could agree with it." (*Id.* at pp. 376-377.)

The court in *Carmony* stressed that in determining whether a trial court acted

"irrationally or arbitrarily in refusing to [dismiss] a prior conviction allegation," the

reviewing court must consider the refusal in the context of legal principles and policies

regarding the particular law under which the discretionary exercise of authority was

sought. (*Carmony, supra,* 33 Cal.4th at p. 377.) In *Carmony,* as here, the three strikes

law (§§ 667, subds. (b)-(i); 1170.12) was the pertinent law for this inquiry. (*Carmony,* at

p. 377.)

In reviewing the three strikes law, *Carmony* reiterated its observation made in

*Romero* that the law was " 'intended to restrict courts' discretion in sentencing repeat

offenders.' [Citation.]" (*Carmony, supra*, 33 Cal.4th at p. 377.) It also repeated the

requirement set out in *Williams* that a trial court "must consider whether, in light of the

nature and circumstances of [the defendant's] present felonies and prior serious and/or

violent felony convictions, and the particulars of his background, character, and

prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part,

and hence should be treated as though he had not previously been convicted of one or

more serious and/or violent felonies," before exercising its discretion to dismiss a prior

felony conviction allegation. (*Carmony, supra*, 33 Cal.4th at p. 377.)

  *Carmony* further explained that because a trial court's adherence to the provisions

of the three strikes law creates a strong presumption the trial court was not abusing its

discretion in refusing to dismiss a prior conviction allegation for purposes of sentencing

under that scheme, "a trial court will only abuse its discretion in failing to [dismiss] a

prior felony conviction allegation in limited circumstances[, such as] where the trial court

was not 'aware of its discretion' to dismiss [citation], or where the court considered

impermissible factors in declining to dismiss [citation, or where] 'the sentencing norms

[established by the three strikes law may, as a matter of law, produce] an "arbitrary,

capricious or patently absurd" result' under the specific facts of a particular case.

[Citation.]" (*Carmony, supra*, 33 Cal.4th at p. 378.)

  Villalobos has not clearly shown the court abused its discretion in its sentencing

decision. The probation report and argument from counsel fully informed the court of

Villalobos's criminal history and current offenses, as well as the factors relied on by

Villalobos in support of his request, and the trial court was aware of its discretion to

dismiss and did not consider any impermissible factors in declining to dismiss.

5

Villalobos's criminal behavior was frequent and, during the past 25 years, he has

demonstrated he was incapable of complying with the dictates of the law or, when

leniency was shown, the terms of parole or probation. Although the present offense was

neither violent nor victimized any specific individual, Villalobos's unbroken history of

drug use and crimes to support that drug use, including crimes when Villalobos was on

probation or parole, supported the trial court's conclusion Villalobos was a person within

the spirit of the three strikes law.

The record reflects the court was fully aware of its discretion to dismiss a prior

felony conviction allegation for purposes of sentencing under the three strikes scheme

and determined it was not in the interests of justice to exercise its section 1385 discretion

to dismiss the allegation. We conclude the trial court's ruling was not an " ' "arbitrary,

capricious or patently absurd" result' under the specific facts of [Villalobos's] case.

[Citation.]" (*Carmony, supra*, 33 Cal.4th at p. 378.)

DISPOSITION

The judgment is affirmed.

_McDONALD, J._

WE CONCUR:

_____
HALLER, Acting P. J.

_____
IRION, J.

6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VICTOR VILLALOBOS,                    Case No._____

     vs.                            PROOF OF SERVICE

D.K. SISTO, Warden,

_____/

    I hereby certify that on  7/02 , 2008, I served a copy of the attached petitioner for writ of habeas corpus, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed below, by depositing said envelope in the United States Mail at California State Prison Solano, in Vacaville, California:

Office Of The State Attorney General
P.O.Box 85266
San Diego, CA 92186-5266

Office of the Clerk
U.S.District Court
Southern District of California
880 Front St., #4290
San Diego, CA 92101-8900

    I declare under penalty of perjury that the foregoing is true and correct.

Victor Villalobos
In propria persona

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

FILING FEE PAID
Yes    No
IFP MOTION FILED
Yes    No
COPIES SENT TO
Court    Pro Se

Victor Villalobos

**DEFENDANTS**

Sisto, et al

FILED
JUL - 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Solano
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Victor Villalobos
PO Box 4000
Vacaville, CA 95696
F-26578

**ATTORNEYS (IF KNOWN)**

'08 CV 1230 IEG JMA

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] Marine | [ ] 310 Airplane | [ ] 362 Personal Injury-Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment &Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veterans Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 850 Securities/Commodities Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC |
| [ ] Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [x] 530 General | [ ] 791 Empl. Ret. Inc. | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Tort to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] Security Act | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- [x] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE                    Docket Number

DATE    7/9/2008

SIGNATURE OF ATTORNEY OF RECORD
R Miller